# Supreme Court of Texas

No. 20-0700

City of Fort Worth, Texas,

*Petitioner*,

v.

Abdul Pridgen and Vance Keyes,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

JUSTICE BLACKLOCK, concurring.

I agree with the Court that to make a "report" under the Whistleblower Act, "an employee must convey information, not just conclusions." *Ante* at 12. I also agree with the Court that the plaintiffs' disputed statements did not amount to the "provision of information, as opposed to mere opinions or suppositions." *Id.* at 13. I disagree, however, with the Court's rejection of the city's other arguments about the Act's requirements. If "an employee must convey information, not just conclusions," and if the plaintiffs did not satisfy this requirement, then the case is over, and the Court need not opine on the validity of the city's other arguments.

Setting aside whether the Court should reach the city's other arguments at all, I am concerned the Court may not be correct to reject them. In particular, the city argues that employees whose job is to report on internal wrongdoing do not receive perpetual Whistleblower Act protection for making run-of-the-mill reports as part of their normal job duties. The city's concern is quite understandable, from its perspective. If an internal-affairs investigator, whose job is to make reports of illegality, cannot be fired for making such reports, then how can he be fired for doing his job poorly? No other class of employees triggers automatic Whistleblower Act protection merely by doing their day-to-day job. Federal courts routinely respond to this concern by interpreting similarly worded statutes to require a report outside the normal course of the employee's duties.[1] Perhaps the Court is right that the text of Texas's statute cannot support such a rule. But perhaps not, and resolving this issue is not necessary to decide the case.

I would also reserve for further consideration the city's argument that a qualifying "report" must disclose information unknown to the recipient—or at least information the employee believes in good faith is

---

[1] *See, e.g.*, *Kahn v. Dep't of Just.*, 618 F.3d 1306, 1313 (Fed. Cir. 2010) ("[A]n employee must communicate the information either outside the scope of his normal duties or outside of normal channels to qualify as a protected disclosure."); *Skare v. Extendicare Health Servs., Inc.*, 515 F.3d 836, 841 (8th Cir. 2008) (no whistleblower protection for "an employee whose job duties require him or her to ensure legal compliance"); *Huffman v. Off. of Pers. Mgmt.*, 263 F.3d 1341, 1352 (Fed. Cir. 2001) ("A law enforcement officer whose duties include the investigation of crime by government employees and reporting the results of an assigned investigation to his immediate supervisor is a quintessential example" of conduct not protected by the federal Act.).

unknown to the recipient. In addition, I am skeptical of the Court's statement that the Whistleblower Act protects those who "provide relevant, additional information that will help identify or investigate illegal conduct." *Id.* at 15. The Act protects those who report "a violation of law," and the Court's reformulation adds verbiage that may prove problematic in future cases.

Finally, I do not agree with the Court that we should consider the ostensible "objective the Legislature sought to attain," which the Court says is "ferreting out government mismanagement to protect the public." *Id.* at 14. By declaring this the Act's "purpose" and favoring interpretations of the statute that advance this "purpose," the Court risks opening the door to expansive readings of the Whistleblower Act that may unduly interfere with the authority of politically accountable government officials to run their offices. The concern with "mismanagement in the public sector," *id.*, is not the only legitimate value at stake here. Hiring and firing employees is a core executive-branch prerogative. Undue legislative interference with executive-branch personnel decisions risks undermining the people's ability to control government bureaucracy through democratic processes.

I respectfully concur in the judgment and join the Court's opinion except for Part III.A.

James D. Blacklock
Justice

**OPINION DELIVERED:** May 27, 2022

3